**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENT GLEN WILLIAMS, | No. 19-35281 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00143-DCN |
| v. | |
| LANDON FOX, Guard, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| HILLNER; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted March 15, 2021[**]

Before: SILVERMAN, CHRISTEN, and R. NELSON, Circuit Judges

Idaho state prisoner Kent Glen Williams appeals pro se from the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging First Amendment violations while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011) (cross-motions for summary judgment); *Long v. City & Cnty. of Honolulu*, 511 F.3d 901, 905 (9th Cir. 2007) (qualified immunity). We reverse and remand.

The district court erred in granting summary judgment for defendant Fox. Resolving all factual disputes and drawing all reasonable inferences in Williams's favor, there is a genuine dispute of material fact as to whether Fox violated Williams's First Amendment rights to petition and against retaliation when Fox rejected Williams's two grievances and warned of possible disciplinary action. *See Brodheim v. Cry*, 584 F.3d 1262, 1270-71 (9th Cir. 2009) (explaining that "disrespectful language in a prisoner's grievance is itself protected activity under the First Amendment" and concluding that a threat of punitive action beyond refusing to accept a grievance can constitute an adverse retaliatory action). Accordingly, it was also error to grant summary judgment on the basis of qualified immunity as these genuine factual disputes make it unclear whether qualified immunity should apply at this stage of the case. *See Ashcroft v. al-Kidd*, 563 U.S.

2

731, 735, 741 (2011).[1]

**REVERSED and REMANDED.**

---

[1] We do not consider those matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).